UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| JEFFREY HUDDLESTON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) 14-CV-3058 |
| | ) |
| MICHAEL DRAKE, | ) |
| | ) |
| Defendants. | ) |

**MERIT REVIEW OPINION**

Plaintiff, proceeding pro se and currently incarcerated in the Sangamon County Jail, alleges that Defendant Michael Drake, who had initially agreed to represent Plaintiff in Plaintiff's criminal case, intentionally refused to return documents to Plaintiff after deciding not to take the case because of a conflict of interest. Because Plaintiff filed this case while incarcerated, the Court must conduct a merit review pursuant to 28 U.S.C. § 1915A.

In order to state a federal claim against Defendant Drake, Drake must have acted under color of state law, which means acting on behalf of a state, local, or federal government. 42 U.S.C.

Section 1983. The United States Supreme Court has ruled that public defenders are not considered government actors, and therefore cannot be sued for alleged constitutional violations. Polk County v. Dodson, 454 U.S. 312 (1981)("a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding"). The same would be true for private attorneys. Hanson v. Algrimm, 520 F.3d 768, 770 (7th Cir. 1975). Plaintiff may have a claim under state law, but that claim would belong in state court, not federal court.

**IT IS ORDERED:**

1) Plaintiff's complaint is dismissed for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915A. Any amendment to the Complaint would be futile because Defendant Drake is not a government actor. This case is therefore closed. All pending motions are denied as moot (7). The clerk is directed to enter a judgment pursuant to Fed. R. Civ. P. 58.

2) This dismissal shall count as one of the plaintiff's three allotted "strikes" pursuant to 28 U.S.C. Section 1915(g).

3) Plaintiff must still pay the full filing fee of $350 even though his case has been dismissed. The agency having custody of Plaintiff shall continue to make monthly payments to the Clerk of Court, as directed in the Court's prior order.

4) If Plaintiff wishes to appeal this dismissal, he must file a notice of appeal with this Court within 30 days of the entry of judgment. Fed. R. App. P. 4(a). A motion for leave to appeal in forma pauperis should set forth the issues Plaintiff plans to present on appeal. See Fed. R. App. P. 24(a)(1)(C). If Plaintiff does choose to appeal, he will be liable for the $505 appellate filing fee irrespective of the outcome of the appeal.

**5) The clerk is directed to record Plaintiff's strike in the three-strike log.**

ENTERED: May 27, 2014

FOR THE COURT:

                                      **s/Sue E. Myerscough**
                                      SUE E. MYERSCOUGH
                         UNITED STATES DISTRICT JUDGE